## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ANTONIO RUSSELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-1138-JBM-JEH |
| NADEEM BAJWA, BAJCO GROUP, LINDSAY DEROSA, JIM ADKINS & JAMIE CARTWRIGHT | ) ) ) ) ) |
| Defendants. | ) |

## **MERIT REVIEW ORDER**

Currently before the Court is Plaintiff's *pro se* complaint alleging race discrimination, retaliation, and hostile work environment in violation of Title VII. (Doc. 1).[1] "[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C.A. § 1915(e)(2)(B)). "The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim." *Id.*

Plaintiff Antonio Russell filed the instant employment discrimination action on March 23, 2018. (Doc. 1). Plaintiff apparently worked at Papa John's in Peoria,

---

[1] Plaintiff has a related case pending before this Court against the same Defendants arising out of very similar allegations. *Russel v. Bajwa et al.*, 18-cv-1113 (C.D. Ill. 2018). In that case, the Court dismissed Plaintiff's Complaint for failure to state a claim and granted Plaintiff leave to amend. On March 23, Plaintiff filed a complaint and motion to proceed in forma pauperis in 18-1113, which the Clerk interpreted as Plaintiff's amended complaint in that case. However, on March 28, Plaintiff wrote a letter to the Court indicating that those documents were meant to be filed in a new and separate case, and that he desired a new case to be opened. Thus, the Clerk opened this case.

1

Illinois, and he claims that he was discriminated against, though his allegations are extremely sparse and incomprehensible. Specifically, Plaintiff alleges that he (1) gave his manager's meal to a good friend; (2) defendants Lindsay Derosa and Jim Adkins told Plaintiff "not to mention the EEOC"; (3) defendant Derosa told Marcus Powell, "a driver," that his family problems weren't her problems and for him to "wrap it up"; (4) Plaintiff told defendant Derosa to stop mistreating him and that he would contact the EEOC; (5) defendant Adkins "went back in time on computers and watch me give my friend the pizza and collected the $10.00 I asked to borrow for cigarettes [sic]"; (6) he was fired for filing an EEOC charge; and (7) defendant Adkins threatened to get Plaintiff's niece taken from him.

Plaintiff's allegations fall far short of stating a plausible claim for relief under Title VII, and therefore must be dismissed. To state a Title VII hostile work environment claim, a plaintiff must allege (1) he (not other employees) was subject to unwelcome harassment; (2) the harassment was based on his race (or another reason forbidden by Title VII); (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.,* 804 F.3d 826, 833–34 (7th Cir. 2015).

Plaintiff repeatedly references the "EEOC" and him complaining to the EEOC in his complaint, but he fails to allege *any* facts that he was actually (1) the subject of unwelcome harassment, (2) that such harassment was based on a reason forbidden by Title VII, such as his race, or (3) that the harassment was severe and pervasive so

2

as to alter the conditions of his employment. Without such allegations, Plaintiff's hostile work environment claim fails and is dismissed.

Title VII also prohibits employers from retaliating against employees who engage in activity protected under the statute. 42 U.S.C. § 2000e–3 (Title VII); 29 U.S.C. § 2615(a)(2) (FMLA); *Malin v. Hospira, Inc.*, 762 F.3d 552, 558 (7th Cir. 2014). But to state a valid retaliation claim, Plaintiff must allege that (1) he engaged in a statutorily protected activity, (2) his employer took a materially adverse action against him, and (3) there was a causal connection between the two. *Id.* Plaintiff attached to his complaint a "Dismissal and Notice of Rights" from the EEOC, indicating that he engaged in statutorily protected activity. *See Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173 (2011) (filing a charge with the EEOC is protected conduct under Title VII). Plaintiff also alleges that he was terminated, which constitutes a materially adverse action against him by his employer. *See Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1106-07 (7th Cir. 2012) (discussing how discipline, termination, or denial of pay or benefits are "materially adverse actions".). But Plaintiff's allegations do not in any way bridge a connection between his termination and the EEOC charge. Plaintiff has provided no direct or circumstantial evidence that reasonably suggests he was fired for filing an EEOC charge. His managers telling him "not to mention the EEOC" cannot reasonably be inferred to mean Plaintiff was terminated *because* he filed an EEOC charge. Plaintiff's retaliation claim is dismissed.

Finally, Plaintiff's race discrimination claim must be dismissed because there are no allegations whatsoever concerning race discrimination in his complaint. True, "Title VII prohibits all discrimination in employment based upon race, sex, and national origin." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981). But an allegation that Plaintiff is being discriminated against by his employer because of his race is a *sine qua non* for such a claim to be plausible. There is no such allegation in Plaintiff's complaint and his race discrimination claim therefore fails.

## CONCLUSION

For these reasons, Plaintiff's complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted. Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is DENIED AS MOOT. Plaintiff is granted 30 days to file an amended complaint to cure the deficiencies as noted. If Plaintiff files an amended complaint, he may also refile a Motion to Proceed in forma pauperis. Plaintiff's amended complaint will replace the original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

Entered this 10th day of April, 2018.

                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                               United States Senior District Judge